UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VAHE TASHJIAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>INVICTUS RESIDENTIAL POOLER - 2A, et al.,<br><br>　　　　Defendants. | Case No.  5:19-cv-01536-EJD<br><br>**ORDER GRANTING MOTIONS TO CONSOLIDATE ACTIONS**<br><br>Case No.    5:20-cv-08816-EJD |
| VAHE TASHJIAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PLANET HOME LENDING, LLC, A CONNECTICUT LIABILITY COMPANY, et al.,<br><br>　　　　Defendants. | |

　　　　Plaintiff Vahe Tashjian has filed separate actions related to a mortgage loan.  *See Tashjian v. Invictus Residential Pooler - 2A et al*, 5:19-cv-01536-EJD ("*Invictus Action*"); *Tashjian v. Planet Home Lending, LLC, a Connecticut limited liability company et al*, 5:20-cv-08816-EJD ("*Planet Home Action"*).  Plaintiff alleges improper credit reporting and the chagrining of principal during an interest-only period on the loan.  Plaintiff now asserts that these initial errors are a complete bar to foreclosure.  On December 31, 2020, Planet Home Lending, LLC, Sprout

Case No.: 5:19-cv-01536-EJD
ORDER GRANTING MOTIONS TO CONSOLIDATE ACTIONS

1

1  Mortgage Asset Trust, and Prestige Default Services LLC (collectively, "Moving Defendants")
2  filed an administrative motion to consider whether Plaintiff's two actions should be related. *See*
3  *Invictus Action*, Dkt. No. 73. Thereafter, on January 6, 2021, the Court issued an Order relating
4  the two actions. *Invictus Action*, Dkt. No. 75. Presently before the Court is a motion by the
5  Moving Defendants to consolidate the related actions. *See Invictus Action*, Dkt. No. 78; *Planet*
6  *Home Action*, Dkt. No. 20. Plaintiff has filed a notice of non-opposition to the Moving
7  Defendants' Motions to Consolidate. *See Invictus Action*, Dkt. No. 83; *Planet Home Action*, Dkt.
8  No. 23.

## I. DISCUSSION

The district court may consolidate actions involving common questions of law and fact. Fed. R. Civ. P. 42(a)(2). The court exercises "broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Morin v. Turpin*, 778 F. Supp. 711, 733 (S.D.N.Y. 1991) (citing 6 C. Wright & A. Miller, Federal Practice and Procedure § 1471, at 359 (1971)). In exercising this discretion, the court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984). Consolidation may occur upon motion by a party or sua sponte. *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987).

Upon review of the complaints in each of the actions presented here, the Court finds that each case presents substantially similar factual and legal issues with respect to Plaintiff's mortgage loan. The actions are also in the same procedural stage as the defendants have filed separate answers. In addition, since the claims for each case arise from a similar nucleus of events, discovery issues relating to each action will be parallel. Further, there appears to be no basis to find that consolidation would cause inconvenience, delay or expense, especially since the parties appear to agree with the consolidation request. As such, the court finds consolidation appropriate for all purposes.

## II. ORDER

The motions to consolidate the above-captions cases are GRANTED. The Court hereby

Case No.: 5:19-cv-01536-EJD
ORDER GRANTING MOTIONS TO CONSOLIDATE ACTIONS
2

United States District Court
Northern District of California

ORDERS that the Clerk of the Court shall consolidate case numbers 5:19-cv-01536-EJD and 5:20-cv-08816-EJD into one case such that the earliest filed action, 5:19-cv-01536-EJD, is the lead case. Since the later action is now subsumed by the first-filed action, the Clerk shall administratively close case number 5:20-cv-08816-EJD.

**IT IS SO ORDERED.**

Dated: March 29, 2021

EDWARD J. DAVILA
United States District Judge

Case No.: 5:19-cv-01536-EJD
ORDER GRANTING MOTIONS TO CONSOLIDATE ACTIONS
3